IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation,<br><br>            Plaintiff,<br><br>   vs.<br><br>RK WOOTEN, dba RKW DRYWALL INTERIORS,<br><br>            Defendant. | CIV. NO. 14-00094 JMS-KSC<br><br>ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT, DOC. NO. 10 |

## ORDER GRANTING STATE FARM FIRE AND CASUALTY COMPANY'S MOTION FOR DEFAULT JUDGMENT, DOC. NO. 10

### I. INTRODUCTION

In this action, Plaintiff State Farm Fire and Casualty Company ("State Farm") seeks a declaration under 28 U.S.C. § 2201 that it owes no duty to defend or indemnify Defendant RK Wooten, dba RKW Drywall Interiors ("RKW") in an action pending in the First Circuit Court of the State of Hawaii, *Maui Park Plaza, LLC v. Betsill Brothers Construction, Inc.*, Civil No. 13-1-2524-09 (the "Underlying Action"). In the Underlying Action, Maui Park Plaza, LLC ("MPP") alleges state law claims for breach of contract, breach of warranty, and negligence

based on RKW's and others' construction of the Maui Park Plaza office complex in Kihei, Maui.

Default in this action was entered against RKW on June 2, 2014, and currently before the court is State Farm's Motion for Default Judgment or, in the Alternative, for Summary Judgment. Doc. No. 10. RKW did not file an Opposition, and did not appear at the October 14, 2014 hearing. Based on the following, the court GRANTS State Farm's Motion for Default Judgment, and DEEMS MOOT the request for summary judgment.

## II.  **BACKGROUND**

As a general rule, once default is entered, the well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); *see also Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). The court therefore sets forth the following factual allegations made in the Complaint:

**A.    The Underlying Action**

On September 17, 2013, MPP filed its complaint in the Underlying Action against the general contractor, design professionals, and subcontractors

involved in the construction of the Maui Park Plaza office complex in Kihei, Maui (the "Project"), which took place from 2007 through April 2008. Doc. No. 1, Compl. ¶¶ 8-9. RKW is named as a defendant, and identified as a domestic business engaged in metal framing and drywall installation. *Id.* ¶ 9. MPP alleges various construction defects in the Project including leakage, structural issues, and building code violations, and alleges claims against all defendants for breach of contract, breach of warranty, and negligence. *Id.* ¶¶ 9-10. MPP seeks special, general, compensatory, and/or consequential damages, as well as attorneys' fees and costs. *Id.*

After the Underlying Action was filed, RKW tendered the defense to State Farm based on a series of Contractor's policies State Farm issued to RKW covering successive one-year periods from January 1, 2007 through January 1, 2012 (with the final policy canceled effective January 1, 2011). *Id.* ¶¶ 11, 15. State Farm has been providing a defense under a reservation of rights. *Id.* ¶ 15.

**B.     The Relevant Policy Language**

All of the contractor's policies that State Farm issued to RKW were written on Special Form 3, FP-6100, which includes the following insuring provisions (all bold in the original):

**COMPREHENSIVE BUSINESS LIABILITY**
**COVERAGE L -- BUSINESS LIABILITY**
We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. . . . This insurance applies only:

1. to **bodily injury** or **property damage** caused by an **occurrence** which takes place in the **coverage territory** during the policy period;
2. to **personal injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;
3. to **advertising injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. The **occurrence** must be committed in the course of advertising your goods, products or services.

. . . .

**RIGHT AND DUTY TO DEFEND**
We will have the right and duty to defend any claim or **suit** seeking damages payable under this policy even though the allegations of the suit may be groundless, false or fraudulent. The amount we will pay for damages is limited as described in Limits of Insurance. Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury**. We may investigate and settle any claim or **suit** at our discretion. Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

*Id.* ¶ 12.

Coverage L -- Business Liability, is subject to the following exclusions:

> Under Coverage L, this insurance does not apply:
> . . .
> 2. to **bodily injury** or **property damage** for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>> a. assumed in contract or agreement that is an **insured contract**; or
>> b. that the insured would have in the absence of a contract or agreement . . . .

*Id.* ¶ 13.

Section II of Special Form 3, FP-6100 provides the following definitions:

> 12. **occurrence** means:
>> a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **advertising injury**.
>> b. the commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.
>
> For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident.
> 13. **personal injury** means injury, other than **bodily injury**, arising out of one or more of the following offenses:
>> a. false arrest, detention or imprisonment;

5

        b.     malicious prosecution;
        c.     wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;
        d.     oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or
        e.     oral or written publication of material that violates a person's right of privacy;

. . . .

16.    **property damage** means:

a.    physical injury to or destruction of tangible property, including all resulting loss of use of that property; or

b.    loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property;

. . . .

22.    **your work**:

a.    means:
        (1)    work or operations performed by you or on your behalf; and'
        (2)    materials, parts or equipment furnished in connection with such work or operations;

b.    including warranties or representations made at any time with respect to the fitness, quality, durability or performance of any of the items included in (1) or (2) above.

*Id.* ¶ 14.

///

///

## III. STANDARD OF REVIEW

If a defendant fails to timely defend an action, the plaintiff may move the court for entry of default judgment. *See* Fed. R. Civ. P. 55(b)(2). Although generally disfavored, *see Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), district courts have discretion to enter default judgments. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam). The Ninth Circuit has enumerated various factors for district courts to consider when deciding whether to enter a default judgment, including:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

*Eitel*, 782 F.2d at 1471-72.

## IV. ANALYSIS

Based upon consideration of the *Eitel* factors, the court finds that State Farm is entitled to default judgment.

///

///

A.  **The Possibility of Prejudice to State Farm**

Failure to grant the Motion for Default Judgment would prejudice State Farm -- with no default judgment, State Farm would be without other recourse for recovery and thus would suffer prejudice by having to defend RFW in the Underlying Action and potentially pay an award against RFW.  State Farm is entitled to resolution of whether coverage is owed under the policies, and to avoid any continued unnecessary expenditure of resources on this action.

B.  **The Merits of State Farm's Substantive Claim**

As to the merits of State Farm's claim, federal jurisdiction in this action is proper under 28 U.S.C. § 1332 based upon diversity of citizenship, and as a result, Hawaii substantive law applies in determining whether State Farm has a duty to defend and indemnify RKW.  *See, e.g.*, *Burlington Ins. Co. v. United Coatings Mfg. Co.*, 518 F. Supp. 2d 1241, 1246 (D. Haw. 2007); *Apana v. TIG Ins. Co.*, 504 F. Supp. 2d 998, 1003 (D. Haw. 2007).

Under Hawaii law, the court looks to the plain language of the insurance policy to determine the scope of an insurer's duties.  *See, e.g.*, *Sentinel Ins. Co. v. First Ins. Co. of Haw.*, 76 Haw. 277, 287, 875 P.2d 894, 904 (1994); *see also Burlington Ins. Co. v. Oceanic Design & Constr., Inc.*, 383 F.3d 940, 945 (9th Cir. 2004); *Hawaiian Ins. & Guar. Co. v. Fin. Sec. Ins. Co.*, 72 Haw. 80, 87, 807

P.2d 1256, 1260 (1991). Nevertheless, insurance policies must be construed "in accordance with the reasonable expectations of a layperson." *Hawaiian Isle Adventures, Inc. v. N. Am. Capacity Ins. Co.*, 623 F. Supp. 2d 1189, 1194 (D. Haw. 2009) (citing *Dawes v. First Ins. Co. of Haw.*, 77 Haw. 117, 121, 883 P.2d 38, 42 (1994)); *see also Guajardo v. AIG Haw. Ins. Co.*, 118 Haw. 196, 202, 187 P.3d 580, 586 (2008) (citing *Dairy Rd. Partners v. Island Ins. Co.*, 92 Haw. 398, 411-12, 992 P.2d 93, 106-07 (2000)). Further, an insurer's duty to defend is broader than its duty to indemnify and "arises whenever there is the mere potential for coverage." *Commerce & Indus. Ins. Co. v. Bank of Haw.*, 73 Haw. 322, 326, 832 P.2d 733, 735 (1992) (citations omitted). In determining whether an insurer has a duty to defend, Hawaii courts apply the "complaint allegation rule," where

> [t]he focus is on the alleged claims and facts. The duty to defend "is limited to situations where the pleadings have alleged claims for relief which fall within the terms for coverage of the insurance contract. 'Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend.'"

*Burlington Ins. Co.*, 383 F.3d at 944-45 (quoting *Hawaiian Holiday Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 169, 872 P.2d 230, 233 (1994)).

Applying this framework, the court has little difficulty determining that the Underlying Action's claims are not covered by the terms of the

9

construction policies. Under the construction policies, State Farm agreed to defend, and pay damages for, claims for "bodily injury," "personal injury," "advertising injury," or "property damage" caused by an "occurrence," *i.e.*, an accident. MPP's claims based on construction defects do not fit within the scope of any of these terms as defined by the construction policies, and it is well-settled under Hawaii law that claims arising from an insured's obligations arising under contract -- whether phrased in terms of a breach of contract or negligence -- are not claims for "property damage" caused by an "occurrence."[1] Further, even if the Business Liability provision of the contractors' policies could arguably be construed to encompass MPP's claims (which the court does not find), the construction policies make clear that they exclude from coverage "bodily injury or

---

[1] *See* Hawaii Revised Statutes § 431:1-217(a) (providing that the term "occurrence" as used in construction liability insurance policies "shall be construed in accordance with the law as it existed at the time that the insurance policy was issued"); *See, e.g.*, *Burlington Ins. Co. v. Oceanic Design & Constr. Inc.*, 383 F.3d 940, 949 (9th Cir. 2004) (rejecting argument that construction defect claims are covered by the policy and explaining that "[a]llowing recovery for disputes between parties in a contractual relationship over the quality of work performed would convert this CGL policy into a professional liability policy or a performance bond"); *Nautilus Ins. Co. v. 3 Builders, Inc.*, 955 F. Supp. 2d 1121 (D. Haw. 2013) (applying *Burlington* to reject that CGL policy issued in 2008 provided coverage for construction defect claims); *Evanston Ins. Co. v. Nagano*, 891 F. Supp. 2d 1179, 1193 (D. Haw. 2012) (holding that contract and contract-based tort claims do not fall within the scope of CGL policies under Hawaii law); *Hawaiian Macadamia Nut Co. v. Indus. Indem. Co.*, 76 Haw. 166, 171, 872 P.2d 230, 235 (1994) (determining that claim for destruction of seedlings were "part and parcel" of claims for breach of contract and fraud, and not negligence claims resulting from accidental conduct); *Grp. Builders, Inc. v. Admiral Ins. Co.*, 123 Haw. 142, 148, 231 P.3d 67, 73 (Haw. App. 2010) ("We hold that under Hawaii law, construction defect claims do not constitute an 'occurrence' under a CGL policy.").

property damage for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." *See* Doc. No. 1, Compl. ¶ 13. As result, the construction policies make clear that they do not provide coverage for MPP's claims arising from RKW's obligations to provide metal framing and drywall installation.

In sum, the court finds meritorious State Farm's claim that the Underlying Action does not raise an "occurrence" under the construction policies.

## C. The Sufficiency of the Complaint

This factor weighs in favor of default judgment -- the allegations of the Complaint are sufficiently pled and supported by facts in the record. *See* Doc. No. 12, Pl.'s Concise Statement of Facts.

## D. The Sum of Money at Stake in the Action

The sum of money at stake favors default judgment -- no damages are sought as this action seeks only a declaration of the rights of the parties to the construction policies.

## E. The Possibility of a Dispute Concerning Material Facts

There is little possibility of a dispute concerning material facts -- the court construes the construction policies as a matter of law, and State Farm's claim

for declaratory relief simply requires this court to compare the allegations in the Underlying Action with the coverage provided by the policies.

**F.     Whether the Default Was Due to Excusable Neglect**

RKW's default was not due to excusable neglect -- RKW was served with process and mailed with all filings in this matter, including the Motion for Default Judgment. To date, RKW had made no appearance, has not sought to set aside the Entry of Default, and has filed no opposition to the Motion for Default Judgment. There is therefore no evidence that RKW's failure to defend results from excusable neglect.

**G.     Policy Favoring Decision on the Merits**

Although the court recognizes the strong policy favoring decisions on the merits, further proceedings in this matter would be futile where RKW has failed to participate. As a result, this factor does not outweigh the others in favor of default judgment. Rather, weighing all of the *Eitel* factors together, the court finds that State Farm is entitled to default judgment against RKW.

## V. CONCLUSION

Based on the above, the court GRANTS State Farm's Motion for Default Judgment, and DEEMS MOOT the Motion for Summary Judgment. The court directs the Clerk of Court to enter judgment in favor of State Farm stating

that Plaintiff State Farm Fire and Casualty Company has no duty to defend or indemnify Defendant RK Wooten, dba RKW Drywall Interiors, in connection with the action pending in the First Circuit Court of the State of Hawaii, *Maui Park Plaza, LLC v. Betsill Brothers Construction, Inc.*, Civil No. 13-1-2524-09. The Clerk of Court is further directed to close the case file.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 14, 2014.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*State Farm Fire & Cas. Co. v. RK Wooten*, Civ. No. 14-00094 JMS-KSC, Order Granting State Farm Fire and Casualty Company's Motion for Default Judgment, Doc. No. 10